**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

December 19, 2019

**BY ECF**

The Honorable Judge Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Application denied for the reasons stated on the record at the December 20, 2019 hearing.

SO ORDERED:

*[signature]*
HON. VERNON S. BRODERICK 12/20/2019
UNITED STATES DISTRICT JUDGE

**RE:    United States v. William Casillas**
         **19 Cr. 863 (VSB)**

Honorable Judge Broderick:

Mr. William Casillas has been detained since his presentment in front of Magistrate Judge Sarah Netburn on November 20, 2019. At that time, Mr. Casillas reserved his right to make a bail application at a later date. In advance of his hearing before Your Honor, scheduled for December 20, 2019 at 11:00 a.m., Mr. Casillas respectfully requests that he be released on bail under the following conditions:

1. A $50,000 bond co-signed by three financially responsible people who also enjoy moral suasion over Mr. Casillas: his nephew, Erik Roberto, who his own barbershop/hair salon business; his niece, Lady Roberto, who has been working full time as a hairstylist for the past 12 years; and his close friend, Luis Alejandro Jimenez, who works full time as an Uber driver;
2. Maintain employment;
3. Travel restrictions to the Southern and Eastern Districts of New York; and
4. The surrender of all travel documents with a prohibition on new applications.

Mr. Casillas faces the sole charge of violation of 8 U.S.C. Sec. § 1326(a), Illegal Reentry. Given the nature of this offense, the Bail Reform Act presumes his release. To detain Mr. Casillas, the Government must prove by a preponderance of the evidence that he presents a serious flight risk, or demonstrate by clear and convincing evidence that Mr. Casillas is a danger to the community. For the reasons discussed herein, the Government cannot meet its burden for detention.

**I.    Mr. Casillas does not pose a serious risk of flight.**

To detain Mr. Casillas on risk-of-flight grounds, the Government must demonstrate by a preponderance of the evidence that he presents a *serious* flight risk. The Government cannot meet this burden.

Mr. Casillas, now 50 years old, wants nothing more than to support himself and his three young children. To accomplish this goal, Mr. Casillas has maintained steady employment over the past several years. At the time of his arrest, Mr. Casillas worked at Krystal Deli Grocery on Fulton Street near Albany Avenue in Brooklyn, earning just enough to provide for himself and his family. Every day, Mr. Casillas would ride the train to work in Brooklyn from his home in Yonkers—where he rents a small room in a friend's apartment for $150 a week—just to make ends meet.

When he is not working, Mr. Casillas spends time with family and friends. While Mr. Casillas' immediate family resides in the Dominican Republic, Mr. Casillas maintains a strong network of support and community ties here in New York City. Evelin and Erik Roberto, Mr. Casillas' nephew and niece, who own a home in the area, have provided emotional support to Mr. Casillas since his incarceration in November, speaking with him as often as time permits. Mr. Casillas' other niece, Lady Roberto, also serves as a pillar of strength for her uncle. In addition to family, Mr. Casillas has a number of friends in the city, including his roommate, and Luis Alejandro Jimenez, a friend who works full time as a taxi driver and who considers Mr. Casillas to be like a brother to him.

Mr. Casillas' strong community ties and dedication to work belie the notion that he poses a serious risk of flight.

**II.    Mr. Casillas does not pose a danger to the community.**

To detain Mr. Casillas on dangerousness grounds, the Government must demonstrate by clear and convincing evidence that Mr. Casillas is a danger to the community. The Government cannot meet this burden.

Turning first to the instant case against Mr. Casillas, this matter alone cannot serve as grounds to detain Mr. Casillas for dangerousness. The sole pending charge against Mr. Casillas is violation of 8 U.S.C. § 1326(a), Illegal Reentry. Unlike the felonious conduct enumerated in in subsection (f)(1) of The Bail Reform Act, violation of 8 U.S.C. Sec. § 1326(a) is not inherently dangerous. The nature and circumstances of the offense charged do not counsel in favor of detention.

Similarly, Mr. Casillas' history does not provide clear and convincing evidence that Mr. Casillas, if released, is a threat to the community. While Mr. Casillas does have a criminal record, his last conviction was 14 years ago in 2005. Mr. Casillas served his time for this offense and has been at liberty for the past decade. Since then, there has been no indication that Mr. Casillas poses a danger to the community.

In short, the Government cannot show that there are no conditions or set of conditions that would reasonably assure Mr. Casillas' return to court and the safety of the community. Accordingly, Mr. Casillas respectfully requests that he be released under the conditions outlined

above. Thank you for your consideration of this matter.

                                                Respectfully submitted,

                                                /s/ Marne Lenox_____
                                                Marne Lenox
                                                Assistant Federal Defender
                                                (212) 417-8721

cc:      AUSA Micah Fergenson (by ECF and e-mail)