k542CasS kjc

1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,        New York, N.Y.

4           v.              19 Cr. 863(VSB)

5   WILLIAM FELIZ CASILLAS,

6            Defendant.

7   ------------------------------x      Teleconference
                                     Sentencing
8
                                       May 4, 2020
9                                     10:40 a.m.

10

11   Before:

12                HON. VERNON S. BRODERICK,

                                    District Judge
13

14

15                      APPEARANCES

16   GEOFFREY S. BERMAN

17       United States Attorney for the
          Southern District of New York
18   BY:  MICAH F. FERGENSON
          Assistant United States Attorney
19

20   FEDERAL DEFENDERS OF NEW YORK
         Attorneys for Defendant
21   BY: MARNE L. LENOX

22

23   ALSO PRESENT:

24   HUMBERTO GARCIA, Spanish Interpreter

25

k542CasS kjc

| | |
|---|---|
| 1 | THE COURT:  This matter is on for sentencing. |
| 2 | Mr. Casillas, can you hear me and can you understand |
| 3 | the interpreter? |
| 4 | THE DEFENDANT:  Yes, of course. |
| 5 | THE COURT:  Okay.  I have asked the parties to please |
| 6 | identify themselves for the record, and when you do speak, I'm |
| 7 | not sure who all we have on the line -- I know Ms. Lenox is on |
| 8 | the line -- I just ask you to identify yourself by name so that |
| 9 | we could make sure that there is an accurate record of the |
| 10 | sentencing.  All right. |
| 11 | For the government? |
| 12 | MR. FERGENSON:  Good morning, your Honor.  This is |
| 13 | Micah Fergenson for the government. |
| 14 | THE COURT:  Okay, Mr. Fergenson. |
| 15 | For the defense? |
| 16 | MS. LENOX:  Good morning, your Honor.  For |
| 17 | Mr. Casillas, Marne Lenox. |
| 18 | THE COURT:  Okay.  Good morning. |
| 19 | Now, Mr. Casillas, if at any point in time during |
| 20 | these proceedings you don't understand something I am saying, |
| 21 | please let me know.  We will stop the proceedings, and I will |
| 22 | try and answer your question or I will give you time to speak |
| 23 | to Ms. Lenox.  Okay? |
| 24 | THE DEFENDANT:  Okay.  Thank you very much. |
| 25 | THE COURT:  Okay. |

k542CasS kjc

1          As an initial matter, I would like to confirm that you

2     wish to proceed with your sentencing over the telephone and

3     that you waive your right to be physically present in court

4     with your attorney for your sentencing.

5          THE DEFENDANT:  Yes, sir, yes.

6          THE COURT:  Do you understand that you have the right

7     to appear before me in person at the time of your sentence and

8     to speak directly to me in my courtroom -- in the courtroom

9     that you would be sentenced.

10          Do you understand that?

11          THE DEFENDANT:  Yes, sir.  Yes, yes.

12          THE COURT:  Okay.  Are you also aware, however, that

13     because of the public health emergency created by the COVID-19

14     pandemic, the fact that that pandemic has interfered with

15     travel and restricted access to the federal courthouse?

16          THE DEFENDANT:  Yes, your Honor, yes.

17          THE COURT:  Am I correct that you do not want to wait

18     to be sentenced until the end of this public health emergency?

19          THE DEFENDANT:  Yes, of course, because we don't know

20     how long this is going to take and I would have to be here

21     during the whole time.

22          THE COURT:  That's correct.  Okay.

23          So have you discussed these issues with your attorney,

24     Ms. Lenox?

25          THE DEFENDANT:  Yes, of course.

k542CasS kjc

1        THE COURT:  And are you willing to give up your right

2    to be present at the time of your sentence, physically present

3    at the time that your sentence is imposed in a courtroom with

4    your attorney standing next to you?  Are you willing to give up

5    that right?

6        THE DEFENDANT:  Yes.  This is due to the emergency

7    that we are experiencing.

8        THE COURT:  Correct, the health emergency that we are

9    experiencing.

10       Let me ask Ms. Lenox, I know that we have a copy of

11   the waiver form.  Do you know whether Mr. Casillas was able to

12   sign it or will you be signing on his behalf?

13       MS. LENOX:  No, your Honor, I signed it on his behalf.

14       THE COURT:  Mr. Casillas, there is a form -- I'm

15   sorry.  Ms. Lenox, have you gone over the form with

16   Mr. Casillas?

17       MS. LENOX:  Yes, your Honor.  Before the sentencing

18   last week, I went over the form with Mr. Casillas.  I had our

19   Spanish interpreter read that form to him in Spanish, and he

20   consented over the phone with myself and Todd Burrell, our

21   interpreter.

22       THE COURT:  Mr. Casillas, do you consent to having

23   your attorney sign on your behalf the form indicating that you

24   waive your right to be physically present for your sentencing?

25       THE DEFENDANT:  Yes, sir.  She already read that to me

k542CasS kjc

1   with an interpreter.

2           THE COURT:  Okay.  Do you also waive your right to

3   have your attorney, Ms. Lenox, the right to have her appear in

4   front of me physically to make arguments on your behalf?

5           THE DEFENDANT:  Yes, sir, yes.

6           THE COURT:  Okay.  If at any point in time during

7   these proceedings, as I mentioned earlier, something arises and

8   you wish to speak with Ms. Lenox by yourself, in other words,

9   with no one else on the line other than the interpreter, please

10  let me know.  Okay?

11          THE DEFENDANT:  Okay.  Okay, sir.

12          THE COURT:  My understanding is that the probation

13  department does not object to the waiver of the presentence

14  interview and report.  Is that consistent with the parties'

15  understanding?

16          The government?

17          MR. FERGENSON:  This is Micah Fergenson.

18          Yes, your Honor, that's my understanding.

19          THE COURT:  Ms. Lenox.

20          MS. LENOX:  Yes, your Honor.

21          THE COURT:  Ms. Lenox, have you discussed the waiver

22  of the preparation of the presentence report and the waiver of

23  the presentence interview with Mr. Casillas?

24          MS. LENOX:  Yes, at length.

25          THE COURT:  Okay.

k542CasS kjc

1          Mr. Casillas, have you discussed the issue of your

2   waiving your right to be interviewed by the probation

3   department?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  And have you also discussed your waiver of

6   your right to have a presentence report prepared in connection

7   with your sentencing?

8          THE DEFENDANT:  Yes.  Yes, sir.

9          THE COURT:  And do you waive the preparation of your

10  presentence report?

11         THE DEFENDANT:  Yes, yes.  She explained to me that it

12  wasn't necessary because of the problems that we are facing

13  and, therefore, we decided to proceed this way.

14         THE COURT:  Okay.  That is correct.

15         Well, in order for your sentencing to be expedited, in

16  order for it to be held today, as opposed to the date in June

17  when it was initially scheduled, it would have been -- there

18  wasn't sufficient amount of time for the probation department

19  to actually conduct the interview.  That's my understanding for

20  why your attorney initially made the request to proceed without

21  a presentence report.

22         Do you agree with that?

23         THE DEFENDANT:  Yes, yes.  She explained that to me.

24         THE COURT:  Okay.  And as part of the presentence

25  investigation, you would have been interviewed, and the

k542CasS kjc

1   probation department would have asked you questions.  Do you

2   also waive your right to be interviewed by the probation

3   department?

4            THE DEFENDANT:  Yes.  This is because of the emergency

5   that we are facing.  If things were normal, I would have no

6   problem doing that.

7            THE COURT:  Okay.  All right.  Thank you.

8            So I find that Mr. Casillas has knowingly and

9   voluntarily waived his right to have the presentence report

10  prepared by the probation department, which would have included

11  the presentence interview.

12           I also find that in connection with Mr. Casillas

13  appearing for sentencing that the ability to hold sentencing

14  utilizing videoconference, if made, would have been difficult.

15           Number one, my understanding is that there are very

16  few opportunities to utilize the videoconferencing technology

17  in connection with criminal proceedings.

18           Number two, my understanding is that even when the

19  videoconferencing is scheduled to be used, it has more often

20  failed to work than actually worked.

21           So I find that proceeding with this telephonic

22  sentencing is appropriate under the circumstances.

23           I also note that Chief Judge McMahon has found that,

24  because of the global health crisis and its impact on New York

25  in particular, the courthouse, 40 Foley, where my courtroom is

k542CasS kjc

1    located, is completely closed, and 500 Pearl Street has

2    extremely limited access, and therefore holding these

3    proceedings over the phone is appropriate on that basis also.

4            Let me just look to see if there are any other issues.

5            Mr. Fergenson, are there any other issues or findings

6    that I should make in connection with today's sentencing?

7            MR. FERGENSON:  Thank you, your Honor.  This is Micah

8    Fergenson.

9            Maybe two points.  Again, I apologize if I just missed

10   them.

11           The first would be that the defendant's consent to

12   proceed by telephone was made knowingly and voluntarily after

13   consultation with counsel.

14           And then the second would be, you know, stating some

15   reasons why the sentencing can't be delayed without seriously

16   harming the interests of justice.

17           THE COURT:  Okay.

18           First, with regard to the proceeding over the

19   telephone, I do find, based upon Mr. Casillas's statements and

20   his attorney's statements, Ms. Lenox's statements to me, that

21   Mr. Casillas's consent to proceed by telephone has been made

22   knowingly and voluntarily.  In fact, in this case my

23   understanding is that it was the preference of the defense to

24   proceed expeditiously, and the only way to proceed, therefore,

25   would be to have (a) the waiver of the presentence report and

k542CasS kjc

interview and (b) the proceeding by telephone since proceeding

in person is impossible at this time.

        In addition, I find that delaying the sentence would

adversely impact the public interest as well as Mr. Casillas's

interest in proceeding expeditiously with this sentencing and

it's in the public interest that the sentencing proceed at this

juncture.

        Was there anything else, Mr. Fergenson?

        MR. FERGENSON:  No, your Honor.  Thank you.

        THE COURT:  Okay.

        Ms. Lenox, anything else I should ask or --

        MS. LENOX:  No, thank you, your Honor.

        THE COURT:  -- go over?

        Okay.  So as an initial matter I'm going to review the

materials I have received in connection with today's

sentencing.

        I have received the defendant's sentencing submission

dated May 2, which includes a letter from Mr. Casillas; a

letter from the defendant's, Mr. Casillas's sister and two of

his brothers.

        I have also received medical records from the Bureau

of Prisons as well as an affidavit or declaration from

Dr. Giftos, as well as two BOP screening forms.  I have also

received the government's sentencing letter dated May 3, which

contained two exhibits, a photo, and a voucher.

k542CasS kjc

1          Have the parties received each of these submissions?

2          Mr. Fergenson?

3          MR. FERGENSON:  Yes, your Honor.

4          THE COURT:  Ms. Lenox?

5          MS. LENOX:  Yes, your Honor.

6          THE COURT:  And have these submissions either been

7     filed in redacted form or been filed on the docket?

8          Mr. Fergenson?

9          MR. FERGENSON:  Yes, your Honor.

10          THE COURT:  All right.  Ms. Lenox.

11          MS. LENOX:  Yes, your Honor.

12          THE COURT:  With the understanding that because some

13     of the materials, the medical records in particular, may either

14     have been redacted in some form or another because they

15     contained personal identifying information and/or certain

16     health information.

17          Now, are there any other submissions or documents that

18     have been submitted by either party that the parties would like

19     me to consider that I have not mentioned?

20          From the government?

21          MR. FERGENSON:  No, your Honor.

22          THE COURT:  From the defense?

23          MS. LENOX:  No, your Honor.

24          THE COURT:  As I have already found, there is no

25     presentence report that's been prepared in this case, so we are

k542CasS kjc

1    prepared to proceed with sentencing.

2           Mr. Casillas, before we proceed, do you have any

3    questions for me or for your attorney?

4           THE DEFENDANT:  No.

5           I do have something to say about something that

6    happened here at the MCC, and I also have a letter asking for

7    forgiveness that I would like to read to you, but I don't know

8    if you want me to do it now or later.

9           THE COURT:  Mr. Casillas, if it's okay with you, there

10   will come a time when I will ask you whether there is anything

11   that you would like to say in connection with your sentencing.

12   That will be in a few minutes, after I hear from the government

13   and from your attorney.  So at that time, you should feel free

14   to read whatever you would like to read to me and to discuss

15   with me what you were about to say about the occurrence in the

16   Metropolitan Correctional Center that you want me to be aware

17   of, and anything else you think is important for me to know in

18   connection with your sentencing.  Okay?

19          THE DEFENDANT:  Okay.  Okay.  I'm sorry.  I'm sorry.

20   Sorry about that.

21          THE COURT:  No, that's fine.

22          Mr. Casillas, you may recall that when you pled guilty

23   before me, I mentioned a set of rules known as the sentencing

24   guidelines.  Well, the sentencing guidelines are a set of rules

25   published to assist judges like myself when we impose sentence.

k542CasS kjc

1   Although the guidelines used to be mandatory, meaning that I

2   would have been required to follow them in almost every

3   instance, they are no longer binding.  However, I am still

4   required to consider the applicable guidelines as one factor

5   among others when determining an appropriate sentence.  So in a

6   sense, the guidelines are just a starting point.  So my first

7   task is to determine what the sentencing range is that applies

8   in your case.

9        The guidelines that apply to the illegal reentry

10  charge to which you pled guilty is Section 2L1.2(a) which

11  results in a base offense level for the charge of conviction of

12  8 because before you had -- before you had been ordered removed

13  from the United States for the first time, you had been

14  convicted of a felony for which you received a sentence of two

15  or more years' imprisonment, because of that, eight levels are

16  added to your base offense level, for an adjusted offense level

17  of 16.

18       Three levels are then subtracted from the adjusted

19  offense level for your acceptance of responsibility and that

20  results in an adjusted offense level of 13.

21       Because you have three criminal history points, the

22  resulting criminal history category is II.

23       Based upon an offense level of 13 and criminal history

24  category of II, the guideline range applicable is 15 to 21

25  months' imprisonment.  And to the extent there was going to be

k542CasS kjc

1    supervised release, it would be between one and two years.

2            Do the parties agree that Mr. Casillas's guideline

3    range is 15 to 21 months' imprisonment?

4            The government?

5            MR. FERGENSON:  Yes, your Honor.

6            THE COURT:  The defense?

7            MS. LENOX:  Yes, your Honor.

8            THE COURT:  Now, I recognize that I do have the

9    ability to grant a departure here, however, as I mentioned, the

10   letter sent by the government is not binding on me, the

11   *Pimentel*, so called *Pimentel* letter.  So therefore I

12   independently consider whether there is an appropriate basis

13   for a departure from the guideline range that applies in this

14   case.  And while I recognize I do have the authority to depart,

15   and I also recognize counsel's argument with regard to a

16   departure on the basis of Mr. Casillas's criminal history, that

17   his criminal history is overstated because of the

18   double-counting issue, I don't believe under these

19   circumstances that a departure is warranted.  However, I do

20   understand that I have the ability to consider those very same

21   facts, as well as others, in determining whether or not a

22   variance is appropriate in this case.

23           In fact, Ms. Lenox, you have indicated in your

24   submissions to me that a sentence of time served would be

25   appropriate based upon the argument about Mr. Casillas's

k542CasS kjc

1    criminal history as well as his circumstances while being

2    imprisoned at the MCC.  The government recommends a sentence

3    within the guideline range, in other words between 15 and 21

4    months' imprisonment.

5              Does the government wish to be heard with regard to

6    sentencing?

7              MR. FERGENSON:  No, your Honor.  Unless the court has

8    any questions, we are happy to rest on our submission.

9              THE COURT:  Okay.  All right.

10             Let me just ask, Mr. Fergenson, do you have, other

11   than what's contained in your letter to me, your letter in

12   connection with sentencing, and then the *Pimentel* letter, do

13   you have any more information about Mr. Casillas's

14   Pennsylvania -- federal Pennsylvania conviction?

15             MR. FERGENSON:  Unfortunately, your Honor, I do not.

16             THE COURT:  Yeah, okay.  All right.  Thank you.

17             Ms. Lenox, do you wish to be heard with regard to

18   sentencing?

19             MS. LENOX:  Your Honor, I, too, would rest on my

20   submission.

21             I do know that Mr. Casillas wishes to be heard, so I

22   want to make sure he has the time, and I'm sure your Honor is

23   aware of that as well, but I would rest on my submission.

24             THE COURT:  Okay.

25             Now, Mr. Casillas, as I mentioned earlier, now is the

k542CasS kjc

1    time that I am asking you if you would like to be heard, and

2    you can make a statement, you can either read your statement

3    or make whatever statement you would believe is important to

4    make, that I should hear from you with regard to your

5    sentencing, and that can include what you were going to tell me

6    earlier on.

7           Go ahead.

8           THE DEFENDANT:  Yes, on March 12, I was here and some

9    officers came, they came and they detonated about three small

10   bombs.  They were looking for a gun apparently, and they shot

11   me with two of those small bombs.  And I had to be on the

12   ground for two hours.  I couldn't even breathe.  So we had to

13   be on the ground for two hours and, as I said, I couldn't

14   breathe.  It was something very shocking, something that I will

15   never forget in my life.  So I want to know if you can consider

16   that when imposing sentence.

17          And we also have the thing with the virus, we have the

18   pandemic here, and actually my cellmate had the disease and he

19   was left here with me for two full weeks.

20          THE COURT:  The answer is, Mr. Casillas, that both of

21   those issues can be considered by me in connection with your

22   sentencing, and that your attorney, Ms. Lenox, has referenced

23   both the conditions under which you have been held at the

24   Metropolitan Detention Center, including the search for the

25   gun, where you were injured by some, as I understand it, smoke

k542CasS kjc

1   pellets.  So I can consider both of those issues as well as

2   anything else.  I can consider those issues as well as any

3   other issues raised by your attorney in your sentencing

4   submission.

5           Is there anything else that you would like to tell me

6   related to your sentencing?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Go ahead.

9           THE DEFENDANT:  Your Honor, I know that I made a very

10  big mistake in coming back to the United States, coming back

11  without authorization, but I would like you to know that I did

12  it under desperate and --

13          THE INTERPRETER:  Interpreter would like to correct

14  himself.

15          THE DEFENDANT:   -- but I would like you to know that

16  I did it under circumstances of desperation and need, given

17  that I was doing very badly financially.

18          Now I do understand how serious the mistake that I

19  made is.  The situation is worse here.  Now my mother is sick.

20  I am far away from my children.  Now I would just like to be

21  able to return and to regain the time that I lost with them.

22          I suffer from diabetes, and I am also very remorseful

23  for what has happened here.  I promise you that I will not ever

24  again return to the United States.  I just ask that you give me

25  the opportunity to return home.

k542CasS kjc

1          Finally, I would like to apologize to the United

2    States and to you, your Honor.

3          Thank you very much.

4          THE COURT:  Okay.  Thank you, Mr. Casillas.

5          Is there any reason why sentence should not be imposed

6    at this time?

7          From the government?

8          MR. FERGENSON:  No, your Honor.

9          THE COURT:  From the defense?

10          MS. LENOX:  No, your Honor.

11          THE COURT:  Mr. Fergenson, let me just ask, confirm,

12    is there a detainer currently lodged as to Mr. Casillas?

13          MR. FERGENSON:  Your Honor, an immigration detainer?

14    I'm not certain.  I expect there would be.

15          THE COURT:  Ms. Lenox, do you know?

16          MS. LENOX:  I, too, do not know for certain, but I

17    also would expect that there is.

18          THE COURT:  Okay.  So just to be clear, my comments in

19    sentencing here today are premised on the understanding that

20    there is a detainer, that Mr. Casillas -- I understand his

21    agreement and desire to go back to the Dominican Republic, but

22    that the immigration authorities will take Mr. Casillas into

23    custody for whatever period of time, hopefully it will be a

24    brief period of time, so that he can be deported from the

25    United States.  And that is a material part of the basis for my

k542CasS kjc

1    considerations here today.

2              First, as I have stated and the parties agree,

3    Mr. Casillas's guideline range is 15 to 20 months'

4    imprisonment.

5              Under the Supreme Court's decision in *Booker* and its

6    progeny, the guideline range is only one factor that I must

7    consider in deciding an appropriate sentence.  I am also

8    required to consider the other factors set forth in 18 United

9    States Code § 3553(a), and I have done so.  The factors

10   include, but are not limited to, the nature and circumstances

11   of the offense and the personal history and characteristics of

12   Mr. Casillas, since each defendant must be considered

13   individually.

14             I am also required to consider the need for the

15   sentence imposed to reflect the seriousness of the offense,

16   promote respect for the law, provide just punishment for the

17   offense, afford adequate defense to criminal conduct, and avoid

18   unwarranted sentencing disparities, among other things.

19             First, I will address the circumstances of the

20   offense.  There is no question, Mr. Casillas, which I believe

21   you have indicated here today, that you recognize the

22   seriousness of your offense of coming back to this country

23   without having gotten approval from the government of the

24   United States and that you came back after being removed and

25   deported from this country after you committed an offense for

k542CasS kjc

which you received a sentence of more than two years.  The

immigration laws in this country are meant to both at times

prohibit people from coming into this country, but also meant

to regularize people's ability to enter the country legally and

to remain in the country legally.  So it's critical that those

who wish to enter the country abide by the laws that are in

place because of that.  So I do find that the offense to which

you have been convicted is a serious offense.

Now, in connection with your personal history and

characteristics, in that regard, I read your submission to me

as well as the attachments, so I will take the comments of your

sister and your brothers with regard to your initially coming

into this country was to help your family, particularly after

your father passed away in the Dominican Republic, and that

they vouched for your character.  So I will take their views

into consideration.

However, I do note, and I don't know necessarily why

this is true, but that you, having helped them, apparently,

with money that enabled one or all of them to finish and

continue their education, they had not in the past apparently

reciprocated in helping you with your family, thus, my

understanding is, resulting in your returning to this country.

Based upon their letters, my understanding is that they have

pledged to support you and help you going forward, and I will

consider that fact, in other words, their support for you in

k542CasS kjc

1    connection with your sentencing also.

2              In addition, I would like to emphasize that this

3    sentence is unique and unique for several reasons.

4              Number one, as has been pointed out and as the parties

5    recognize, we are in the midst of a global health crisis that

6    has hit particularly hard in the New York area, and also there

7    are a certain number of cases that are actually in the prison.

8    There doesn't appear to be a dispute that Mr. Casillas suffers

9    from diabetes and that that diabetes, my understanding is,

10   based upon the CDC's information concerning individuals who are

11   at increased risk to serious illness and death, one of those

12   categories of individuals are people who have diabetes.  So I

13   will take that into consideration also.

14             Did we just lose anybody?  Is the government still on?

15             MR. FERGENSON:  I am here, your Honor.

16             THE COURT:  Is the defense still on?

17             MS. LENOX:  Yes, your Honor.

18             THE COURT:  Mr. Casillas, are you still on?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Okay.  I will continue with the

21   sentencing.

22             So I will consider the global health crisis also as

23   one of the unique issues presented in this sentencing.

24             In addition, through no fault of anyone other than the

25   individual who decided -- individuals who were involved in

k542CasS kjc

bringing contraband into the Metropolitan Detention Center,

because of that and because of the search for that contraband,

specifically for the firearm, which was eventually found, it

resulted in conditions -- a lockdown condition even prior to

the global health crisis.

          Also, in connection with that, I take it as something

that's not disputed and I noted in the medical records that

Mr. Casillas did get treated for being hit with some smoke

pellets during the search for that firearm.

          In addition, I do recognize that, because of the

global health crisis, there is a need to have a lockdown in the

facility to, in essence, enforce a form of social distancing

that otherwise would not be possible within the facility, and

that although these measures are done to stem the tide of the

spread of the COVID-19 virus, the COVID-19 within the prison

system, the result is that prisoners have limited access

outside of their cells, limited access to communicating with

their attorneys, and there is no visitation or anything else

going on in the facilities, and limited movements within the

facility.  Now, here again, this is a unique circumstance of

this sentencing.

          Also, and really as I indicated earlier, a primary

consideration for me is the fact that Mr. Casillas, although

his sentence is 15 to 21 months, Mr. Casillas, as I understand

it, will be taken into immigration custody once he is released

k542CasS kjc

1    from the custody of the Bureau of Prisons for removal and

2    deportation proceeding.  Therefore, my understanding is that

3    Mr. Casillas will remain in federal custody, albeit when he is

4    released from BOP custody in the custody of the immigration

5    authorities, and that Mr. Casillas faces deportation, certain

6    deportation based upon the charges to which he has pled guilty.

7    So I am considering all of those things in connection with the

8    sentencing.

9            If I could ask Mr. Fergenson, if you could determine

10   or confirm that there is in fact a detainer and if there is

11   not, just I would really like to be informed of that.  If there

12   is, there is no need to take it any further, but it is my

13   understanding, and perhaps -- is Ms. Williams still on the

14   line?

15           THE DEPUTY CLERK:  I am.  Can you hear me?

16           THE COURT:  Yes, I can.

17           Mr. Fergenson, you know, you don't have to do that.

18   In connection with my -- any sentencing, I can communicate with

19   the Marshal Service to determine whether there is a detainer in

20   place.

21           Now, I am prepared to render a sentencing:

22           So, Mr. Casillas, I am going to grant your attorney's

23   request that you be sentenced to time served now.

24           In doing so, as I mentioned, I am doing that for the

25   reasons I have just mentioned, including the fact that you face

k542CasS kjc

1   additional time in custody, as well as the global health

2   crisis, your specific health issue of diabetes, which places

3   you at increased risk, as well as the conditions of

4   confinement.  I should say that the conditions of confinement

5   in and of itself would not warrant a variance in my view, and

6   therefore without the public health crisis and without the fact

7   that you are going to spend additional time in custody and you

8   have agreed to and you have indicated a desire to return to

9   your country, I would not have otherwise granted a variance in

10  this case.

11          I will not impose a fine because I find that you are

12  not -- you don't have the wherewithal to pay a fine.

13          You do have to pay a $100 special assessment.

14          In addition, as I mentioned, because you are going to

15  be deported, I will not impose a period of supervised release.

16          I believe that this sentence is sufficient but not

17  greater than necessary to comply with the purposes of

18  sentencing set forth in 18 United States Code § 3553(a).

19          Does either counsel know of any legal reason why this

20  sentence should not be imposed as stated?

21          From the government?

22          MR. FERGENSON:  No, your Honor.

23          THE COURT:  All right.

24          Ms. Lenox?

25          MS. LENOX:  No, your Honor.

k542CasS kjc

1      THE COURT:  All right.  So that is the sentence that I

2  am imposing now.

3      Mr. Casillas, you do have the right to appeal your

4  conviction and sentence consistent with -- again, there

5  actually wasn't a plea agreement here, but you have the right

6  to appeal your conviction and sentence.  The notice of appeal

7  must be filed within 14 days of the judgment of conviction.  If

8  you are not able to pay the cost of an appeal, you may apply

9  for leave to appeal *in forma pauperis*.  If you request, the

10 Clerk of the Court will prepare and file a notice of appeal on

11 your own -- on your behalf.

12     Now, Mr. Casillas, I take you at your word that you

13 understand the seriousness of your offense and that you will,

14 once removed from this country to the Dominican Republic, that

15 you will not come back to this country unless you do so

16 legally.  And I hope that you lead, going forward, a

17 law-abiding life and that I don't have occasion to see you

18 again in my courtroom in connection with any proceeding.

19     So to the extent there are any underlying counts or

20 indictments, I will dismiss those at this time.

21     Let me ask is there anything else that we need to deal

22 with -- oh, I should mention we will -- I'm sorry.  Go ahead.

23     THE INTERPRETER:  There was an answer by the defendant

24 regarding your comments, your Honor, and the answer was the

25 following:  "I promise that to you, your Honor.  I promise it."

k542CasS kjc

1          THE COURT:  Okay.  Thank you, Mr. Garcia.

2          We will prepare the standard order for the Marshal

3     Service indicating that Mr. Casillas has received a sentence of

4     time served and that he therefore can be released from BOP

5     custody, subject to any detainers that have been lodged against

6     him.

7          Let me ask, is there anything else that we need to

8     deal with today?

9          From the government?

10         MR. FERGENSON:  No, your Honor.

11         THE COURT:  From the defense?

12         MS. LENOX:  No, your Honor.

13         THE COURT:  Okay.  Thank you everyone for getting on

14    the phone and everyone should have a good day, be safe, and

15    stay well.  Thank you.  We will stand adjourned.

16         MR. FERGENSON:  Thank you, your Honor.

17         MS. LENOX:  Thank you.

18                              oOo

19

20

21

22

23

24

25